IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MELINDA MATHES,**

    Plaintiff,

v.

**PENSKE LOGISTICS, LLC,**
**d/b/a PENSKE LEASING AND**
**RENTAL COMPANY, PENSKE**
**TRUCK LEASING CO., LIMITED**
**PARTNERSHIP, and PENSKE**
**TRUCK LEASING CORPORATION,**

    Defendant.

Civil Action No. 2:17-cv-04106
JURY TRIAL DEMANDED

## COMPLAINT

Your Plaintiff, Melinda Mathes, by her counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this legal action against the Defendant, Penske Logistics, Inc., seeking redress and remedy arising from the Defendant's deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA"), West Virginia Human Rights Act, and the public policy and common law of the state of West Virginia prohibiting illegal discrimination and retaliation against persons based on their sex. Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

### PARTIES

1. Plaintiff, Melinda Mathes, is and, at all times mentioned herein, was a citizen and resident of Logan County, West Virginia.

2. Defendant, Penske Logistics, LLC, is a foreign corporation with its principal place of business in Reading, Pennsylvania. Penske Logistics, LLC does business in West Virginia

as Penske Leasing and Rental Company, Penske Truck Leasing Corporation, and Penske Truck Leasing Co., Limited Partnership, all of which are registered to do business in the State of West Virginia.

3. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, and/or assignment.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

5. Venue is appropriate in this case under 28 U.S.C. §1391(b) because Defendant is a resident of the state of West Virginia under 28 U.S.C. §1391(c)(2) and a substantial part of the events giving rise to this claim occurred in Jackson County, West Virginia which is in the Southern District of West Virginia.

## FACTS

6. Soon after Defendant began operating its Ravenswood location, on or about August 2015, Ms. Mathes was hired by Defendant as a truck driver.

7. At the time of her hire, Ms. Mathes was assigned a truck by Defendant that would be "her" truck to drive through the duration of her employment.

8. As one of Defendant's drivers, Ms. Mathes assists in loading trucks/trailers and drives a vehicle weighing tens of thousands of pounds to deliver her cargo to various destinations.

9. Ms. Mathes is the only female driver of the approximately 70 drivers at the location where she is employed.

10. Defendant's drivers are compensated hourly and for mileage, stops, layovers and delays.

11. Defendant represented to Ms. Mathes that she would work 70 hours per week, receive approximately 2000 miles per week and have 3 stops, 5-6 layovers and 2 paid delays.

12. Defendant also allows its drivers to request, in advance, specific days off as "unpaid days."

13. On or about February 2016, Ms. Mathes required treatment for a serious health condition.

14. Ms. Mathes had to undergo several procedures in order to determine if surgery was an appropriate course of treatment.

15. Ms. Mathes requested and subsequently received approval for a medical leave of absence under the FMLA for her medical procedures.

16. On December 30, 2016, Ms. Mathes underwent surgery for her serious health condition.

17. On or about February 20, 2017, Ms. Mathes' physician released her for light duty work with a restriction of no lifting more than 25 pounds for the first two weeks back to work.

18. Defendant refused to allow Ms. Mathes' to return to work, and stated that it could not place her on light duty because she was a truck driver.

19. On or about February 27, 2017, while she was on FMLA leave, Ms. Mathes was instructed to remove any personal items from her truck in case it was needed while she was on leave.

20. On or about March 11, 2017, Defendant told Ms. Mathes' she required a full release to return to work.

21. When Defendant told Ms. Mathes to return to work on or about March 11, 2017, Ms. Mathes had not yet exhausted her approved FMLA leave.

22. On or about March 14, 2017, Ms. Mathes returned to work prior to the end of her approved leave, and requested a light duty accommodation while she continued to recover from surgery.

23. Ms. Mathes' truck remained parked on Defendant's lot until two weeks prior to her return from FMLA leave when it was assigned to a newer male employee.

24. When Ms. Mathes returned to work, she was not placed on light duty and was assigned a different older truck.

25. Despite Defendant's policy of assigning its trucks to a single driver for the duration of the driver's employment, Defendant did not return the truck to Ms. Mathes after she returned from her leave and allowed the junior male employee to continue driving said vehicle.

26. After returning to work following her FMLA leave, Ms. Mathes' doctor told her that she needed to undergo a sleep study at a time to be determined.

27. Ms. Mathes notified her dispatcher that she would be undergoing a sleep study and was told to let him know when the study had been scheduled.

28. Ms. Mathes doctor scheduled her sleep study and provided her with minimal notice prior to the appointment.

29. Plaintiff informed her dispatcher that the sleep study had been scheduled and that she would need to leave work early. Plaintiff also completed a time off request and submitted the same to her dispatcher.

30. Ms. Mathes' dispatcher crumpled up the request and threw it away.

31. Ms. Mathes' dispatcher informed Ms. Mathes that, because she had not requested the time off at least two weeks in advance, she would be issued "½ point" for leaving early to attend the sleep study.

32. Under Defendant's policy, seven "points" results in the employee's termination.

33. Ms. Mathes' informed her dispatcher that she could stay at work for a few more hours but was instructed by said dispatcher to leave for the day.

34. When Ms. Mathes requested other scheduled unpaid days off to attend doctor's appointments, Defendant refused to approve Ms. Mathes' requests and, instead, required Plaintiff to use vacation days.

35. Defendant allowed Ms. Mathes' male coworkers to take optional unpaid days off without using vacation time.

36. After Ms. Mathes returned from leave and following her requests for unpaid days off, Defendant required her to "run" more difficult routes than male drivers and has continued to assign less desirable and/or more difficult routes to Plaintiff.

37. Defendant has also refused to give Ms. Mathes the full 70 hours per week normally scheduled for drivers, despite her being willing and able to work said hours.

38. Due to their extended travel and time away from home, Defendant's drivers must often shower at bathroom facilities at work and truck stops.

39. Defendant's office in Ravenswood, West Virginia maintains only one rest room facility for all its drivers and maintenance personnel to use. This rest room is upstairs and has one toilet which is not fully enclosed, two sink basins, and two open shower stalls.

40. The Defendant's Ravenswood office has two bathrooms in its downstairs office, one for men and one for women. These bathrooms are for administrative personnel only and are off limits to Defendant's drivers.

41. Following certain medical treatment, Ms. Mathes needed to periodically check, bandage and/or otherwise care for a wound. To do so required Ms. Mathes to partially disrobe in the bathroom.

42. The Defendant has refused to allow Ms. Mathes free and regular access to the office women's bathroom and/or provide alternative facilities to those provided to Defendants drivers (all of who, other than Ms. Mathes, are male).

43. As the only female driver, Plaintiff has been required to choose either to not shower and/or not fully tend to her recovery or relinquish her privacy and share the open bathroom and shower facilities with Defendant's male drivers.

44. As a result of Defendant's actions, Ms. Mathes has suffered lost income, emotional distress and other damages.

## COUNT I: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

45. Plaintiff incorporates the previous paragraphs as if set forth herein.

46. At all times mentioned, Plaintiff was qualified and eligible to take leave under the FMLA due to her serious health condition(s).

47. When Ms. Mathes requested FMLA leave, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant.

48. Defendant is and was a covered employer under the FMLA, and employs 50 or more employees within 75 miles of the location where Plaintiff was employed.

49. Plaintiff requested and received approval for FMLA leave for surgery and post-surgical recovery to treat her serious health condition.

50. The Defendant called Plaintiff during her FMLA leave and instructed her to return to work before she had utilized her approved FMLA leave and before she had fully recovered from surgery.

51. Defendant's above actions constitute an interference with Plaintiff's exercise and use of

her rights under the FMLA because Defendant unreasonably disrupted Plaintiff from exercising her right to take approved FMLA leave.

52. After Plaintiff returned from taking FMLA leave, Defendant did not place Plaintiff on light duty and denied her requests for unpaid days off, thereby further interfering with Plaintiff's FMLA rights because Defendant's actions impeded Plaintiff's ability to care for her serious health condition and discouraged her from taking protected FMLA leave or otherwise exercising her rights under the FMLA.

53. Defendant's actions including its requiring Ms. Mathes to return from leave prematurely has resulted in prejudice to Plaintiff and impairment of the exercise of her FMLA rights because it has prevented her from properly caring for her serious health condition.

54. Defendant's actions against Plaintiff were reckless and in deliberate disregard of Plaintiff's rights under the FMLA including, but not limited to, her right to protected leave for surgery to treat her serious health condition.

55. Defendant's actions when it knew Plaintiff's time off was taken as approved FMLA leave were reckless and in deliberate disregard of the Plaintiff's rights under the FMLA.

56. In requiring Plaintiff to return to work while she was on an approved leave of absence under the FMLA and in refusing her scheduling requests and light duty after Plaintiff returned from leave, Defendant interfered with and violated Plaintiff's rights under the FMLA, and she seeks all appropriate relief as requested in her prayer for relief.

**COUNT II: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT**

57. Plaintiff incorporates the previous paragraphs as if set forth herein.

58. Before requiring FMLA leave, Plaintiff had been employed by Defendant for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service

for Defendant.

59. In seeking and receiving FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the FMLA statute.

60. When Plaintiff took FMLA leave, the Defendant required Plaintiff to return to work before the end of her approved leave.

61. When Plaintiff returned to work after taking FMLA leave, the Defendant refused to abide by the light duty restrictions imposed by Ms. Mathes' doctor; and, altered the terms and conditions of her employment by refusing to allow her unpaid time to attend doctor's appointments, reassigning her truck, failing to schedule sufficient work hours or mileage, and assigning her less desirable routes.

62. Defendant took adverse action against Ms. Mathes by penalizing her for taking time to attend a doctor-ordered sleep study and requiring her to use vacation time for doctor's appointments when other employees were allowed to schedule unpaid days off.

63. Plaintiff's exercise of her rights under the FMLA including her requests for and receipt of protected leave were a motivating factor in Defendant's decision to take adverse action against Ms. Mathes.

64. In taking the above described actions against Plaintiff, Defendant retaliated against Plaintiff for taking leave and otherwise exercising her rights under the FMLA.

65. Defendant's conduct including, but not limited to, its requiring Plaintiff to return to work before the end of her FMLA leave, is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks remedy as set forth in her prayer for relief.

## COUNT III: DISCRIMINATION BASED ON SEX

66. Plaintiff incorporates the previous paragraphs as if set forth herein.

67. Throughout her employment, Plaintiff satisfied all requisite job qualifications, was qualified for the position that she held, and performed her job in a manner that met or exceeded the Defendant's legitimate expectations.

68. Defendant treated employees who are not female more favorably than Plaintiff because they are male.

69. On information and belief, Defendant has provided reasonable accommodation to male workers who have required light duty and/or lifting restrictions. However, Defendant has not provided reasonable accommodation to Plaintiff consistent with her lifting restrictions.

70. On information and belief, employees who are not female were approved for optional unpaid days and were not required to utilize vacation time.

71. On information and belief, trucks assigned to male employees of Defendant were not permanently reassigned to more junior employees during an approved absence or leave.

72. The Defendant has required Ms. Mathes to share a bathroom with open stalls for both its single toilet and showers with Defendant's approximately 65-70 male drivers. While male drivers use the bathroom's facilities when other men are present, Ms. Mathes cannot shower or use the bathroom when a male employee is present. As such, Ms. Mathes has limited to no access to Defendant's bathroom facilities.

73. The Defendant has also refused Ms. Mathes free access to the only available women's bathroom at its Ravenswood facility and/or to otherwise provide an alternative facility where she may shower and use the bathroom.

74. The Plaintiff's sex was a motivating factor in the Defendant's decision to take the above described adverse actions against Ms. Mathes including, but not limited to, denying

Plaintiff unpaid time off; assigning her less desirable routes, issuing attendance "points" for absences taken to receive medical care; reassigning her truck; failing and/or refusing to assign her sufficient hours and/or mileage; and failing and/or refusing to provide an appropriate and usable bathroom facility.

75. Defendant's treatment of Plaintiff because of her sex was done with malice and with reckless indifference to Plaintiff's rights and Plaintiff's emotional and physical well-being.

76. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages. Wherefore, Plaintiffs request relief as provided in the prayer.

**COUNT IV: FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

77. Plaintiff incorporates the previous paragraphs as if set forth herein.

78. Ms. Mathes is a qualified person with a disability because she is able and competent, with reasonable accommodation, to perform the essential functions of her job. See, W. Va. C.S.R. 77-1-4.

79. Plaintiff required a reasonable accommodation in order to perform the essential functions of her job as a truck driver.

80. Reasonable accommodation existed which would have allowed Plaintiff to perform her job including, but not limited to, light duty assignments pending assessment and recovery of her serious injury and/or assistance with lifting in excess of weight limits identified by Plaintiff's doctor.

81. Defendant knew or reasonably should have known of Plaintiff's need for accommodation because she provided Defendant with documentation from her physician in 2017.

82. Defendant failed to provide Plaintiff with reasonable accommodation, which has caused Plaintiff damages, including, but not limited to, loss of income.

83. As a direct and proximate result of Defendant's refusal to provide reasonable accommodation to Ms. Mathes, the Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

84. Defendant knew or reasonably should have known that its actions involving Plaintiff were false, wanton, willful and malicious and intended solely to harm her and were indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

## COUNT V: DISABILITY DISCRIMINATION

85. Plaintiff incorporates the previous paragraphs as if set forth herein.

86. Plaintiff is a qualified person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

87. Plaintiff has health conditions that substantially limit certain major life activities including, but not limited to, lifting and moving.

88. Alternatively, Defendant and its agents regarded Plaintiff as having such an impairment.

89. At all times alleged, the Plaintiff is and was qualified for the job she held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position she held, and because Plaintiff was, and is, able to perform the essential functions of her job, with or without reasonable accommodation.

90. Defendant, by and through the actions of its employees, supervisors and agents, intentionally discriminated against the Plaintiff based on her status as a person with a

disability.

91. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take adverse action against Plaintiff, including its failure to assign her sufficient hours and mileage, assigning her undesirable routes, and refusing her requests for scheduled unpaid days off.

92. Any reason alleged by Defendant for its advance action against Plaintiff is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability.

93. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

94. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended solely to harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests relief as set forth in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, expert witness fees, reasonable attorney fees, and all other relief available under the FMLA;

On Counts III, IV and V, grant Plaintiff actual damages for lost wages, front pay, back pay,

fringe benefits and other actual damages according to the evidence and as determined by a jury;

On Counts III, IV and V, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

On Counts III, IV and V, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, MELINDA MATHES,
By Counsel,


s/ Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com